422 July 8, 2026 No. 654

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL PATRICK MEREDITH,
*Defendant-Appellant.*

Columbia County Circuit Court
22CR49686; A185744

Denise E. Keppinger, Judge.

Submitted June 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Convictions on Counts 2 and 7 reversed and remanded for entry of a conviction for one count of second-degree assault, merging guilty verdicts on Counts 2, 3, and 7; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of two counts of second-degree assault constituting domestic violence (Counts 2 and 4) and one count of fourth-degree assault constituting domestic violence (Count 7), based on a multi-hour incident that occurred after he and C ended their romantic relationship. He was acquitted on several other charges. On appeal, defendant raises three assignments of error.

First, defendant contends that the trial court erred by not allowing him to cross-examine C regarding her having an open criminal case, as relevant to witness bias. The state counters that any error was invited. Under the invited-error doctrine, "a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (internal quotation marks omitted). "The doctrine is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling." *Id*. Here, the state objected to defendant's question to C regarding her open criminal case; the parties discussed the matter outside the jury's presence, including taking an offer of proof from C; and defense counsel conceded after hearing C's offer-of-proof testimony that the evidence should not come in. In doing so, defense counsel effectively withdrew the question or, in any event, invited what is now claimed to be error. We therefore reject the first assignment of error.

Second, defendant contends that the trial court erred by refusing to allow him to testify that C tried to induce him to sell a five-pound bag of methamphetamine to obtain money to save his house from foreclosure. Although defendant now contends that such evidence was relevant to bias, he did not make that argument to the trial court. Given the arguments that were made to the trial court, we agree with the state that the trial court did not err in excluding the evidence.

Third, defendant contends that the trial court erred by entering a separate conviction on Count 7. We review

merger rulings for legal error and, in doing so, are bound by the trial court's factual findings so long as there is constitutionally sufficient evidence to support them. *State v. Moore*, 319 Or App 136, 144, 510 P3d 907, *rev den*, 370 Or 303 (2022). The merger of guilty verdicts is governed by ORS 161.067. In short, when a defendant is found guilty of multiple crimes committed in a single criminal episode against the same victim, the verdicts will merge into a single conviction unless one of the exceptions to merger in ORS 161.067 applies. In this case, the trial court merged the verdicts on Counts 2 and 3, necessarily finding that they were part of a single criminal episode, but entered a separate conviction on Count 7. Defendant argues that it was error not to merge the verdict on Count 7 as well, because none of the exceptions to merger apply and that count was necessarily part of the same criminal episode as Counts 2 and 3. The state concedes the error. The concession is well taken. We therefore reverse the convictions on Counts 2 and 7 and remand with instructions to enter a single conviction for second-degree assault based on the verdicts on Counts 2, 3, and 7. The conviction on Count 4 is unaffected. We also remand for resentencing.

Convictions on Counts 2 and 7 reversed and remanded for entry of a conviction for one count of second-degree assault, merging guilty verdicts on Counts 2, 3, and 7; remanded for resentencing; otherwise affirmed.